THE TOWN OF CHEEKTOWAGA, Plaintiff, *v.* SAINTS PETER AND PAUL GREEK RUSSIAN ORTHODOX CHURCH OF BUFFALO, N. Y., Defendant.

Supreme Court, Erie Special Term, June, 1924.

Nuisances — public nuisance — action to restrain use of lands for cemetery purposes — cemetery situated over drinking water supply of residential section of town with only six feet of open, porous, stony sand as barrier against contamination created by decaying bodies — use of lands for cemetery purposes deemed public nuisance under Penal Law, § 1530.

Plaintiff is entitled to a judgment in an action to restrain the defendant from the use of its lands for cemetery purposes since the proposed use would be a public nuisance under section 1530 of the Penal Law, where it appears that the proposed cemetery is situated in close proximity to upwards of thirty drinking water wells furnishing the sole drinking water supply for a residential section of more than one hundred acres in area; and that the only barrier against the contamination created by decaying bodies is six feet of open, porous, stony sand and loam.

ACTION to restrain the defendant from the use of certain lands for cemetery purposes.

*William Brennan, Jr.,* for the plaintiff.

*Fred W. Klocke,* for the defendant.

BROWN, J.   In April, 1921, the defendant acquired title to about seven acres of land about two miles east of the city of Buffalo in the town of Cheektowaga, at the junction of Union road and Buffalo and Lancaster boulevard, having a frontage on the east side of Union road of five hundred and nine feet and a frontage on the north side of the boulevard of six hundred and thirty feet.   The adjoining lands on the north, east, south and west of this parcel have been subdivided into building lots for residential purposes.   Three dwelling houses are located on the west side of Union road and three on the south side of the boulevard, each about one hundred feet from the defendant's lands.   One dwelling house on the east stands eight feet east from such lands.   The title to said lands was acquired by the defendant for the purpose of establishing a cemetery therein and using such lands for the burial of the dead.   In September, 1921,

the defendant attempted to carry such purpose into execution, caused a grave to be dug and was about to inter a human body therein when this action was commenced to restrain the use of such lands for such purpose, upon the ground that it was the creation of a public nuisance. The proofs establish that there are upwards of thirty drinking water wells near to and in quite close proximity to defendant's lands, one within seventy feet, several within one hundred feet, and the remaining at somewhat greater distance therefrom; that all of such wells were dug in the ground, finding water in abundance at the depth of twelve feet; that twelve feet below the surface of the ground, for a very large area, limestone rock is encountered, upon the upper surface of which all water seeping through the soil is held impounded, and into this impounded body of water the dug wells reach, thus furnishing the sole drinking water supply for a very large area, 100 acres or more. This soil is loose, open, porous, stony, sand and loam, no water collects on the surface to any appreciable amount, all soaking into the ground, rapidly seeping through the soil and collecting on the limestone rock barely twelve feet from the surface. The prospective grave dug by the defendant was six feet deep. At no time for more than two years has any water accumulated therein, all water produced by rain, snow or running into the grave from surface, has quickly soaked, settled and seeped into the porous soil at the bottom of the grave and beyond question readily found its way through the remaining six feet of earth to the limestone rock beneath, reaching the drinking water supply of the neighborhood. The limestone rock is simply a great catch basin or reservoir for all water reaching it through the twelve feet of soil. The burying of human bodies at the usual depth of six feet leaves only six feet of open, porous, stony sand and loam as a barrier of safety between the decaying, nauseating and putrid human remains and the drinking water supply of the neighborhood. To bury such bodies over the drinking water supply of the neighborhood, with only six feet of such soil to protect such water from the contamination necessarily created in such bodies by decay and surface water seeping through them, would certainly annoy, injure or endanger the comfort, repose, health or safety of a considerable number of persons. Such act would be a nuisance. Penal Law, § 1530. The board of health of the plaintiff were justified in adopting their resolution of August 27, 1921, declaring the proposed use of defendant's lands for cemetery purposes to be a public nuisance. The plaintiff is entitled to the judgment prayed for.

**Judgment accordingly.**